**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 26-cv-61490-RS/DSW**

**ROBERT LEE DARBY, II,**

**Plaintiff,**

**v.**

**BROWARD SHERIFF'S DEPARTMENT, ET AL.,**

**Defendants.**

**REPORT AND RECOMMENDATION**
**TO DISMISS CASE WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court on a *sua sponte* review of the record. This case has been assigned to the Honorable Rodney Smith, and the undersigned is assigned to the case in accordance with Administrative Order 2025-11. [ECF Nos. 14, 15]. Upon thorough and careful review of the record, the undersigned respectfully recommends that this case be **DISMISSED WITHOUT PREJUDICE** for the reasons outlined below.

On May 18, 2026, Plaintiff Robert Lee Darby, II ("Plaintiff") filed a pro se complaint. [ECF No. 1]. On the same date, he also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Motion") [ECF No. 3]. Then, without any leave of the Court, Plaintiff filed multiple amended complaints. *See* [ECF Nos. 5, 9, 10]. In the complaint dated June 11, 2026 [ECF No. 10], Plaintiff alleged claims under 42 U.S.C. § 1983 against Defendants, the Broward Sheriff's Office; Allied Security; the State Attorney's Office; the South Florida Transit Authority; the Fort Lauderdale Police Department; Chelsie Cabrera; Ashlin Hanna; Tomoy

Anderson; Aaron Stadler; Juan C. Consuegra; and Brandyn J. Butler. On August 24, 2026, the Court entered an Order on Plaintiff's IFP Motion. [ECF No. 11]. The Court denied the IFP Motion without prejudice and dismissed the Complaint without prejudice after screening it. [*Id.*]. The Court also gave Plaintiff until September 25, 2026, to file an amended complaint and an amended IFP Motion and explicitly put Plaintiff on notice that failure to comply with the Order may result in dismissal of the case. [*Id.*].

On September 21, 2026, Plaintiff filed a "Public Criminal Complaint" [ECF No. 13]. The handwritten, four-page document attaches several pages of additional records. However, it does not correct the deficiencies identified in the Court's August 24, 2026 Order. The new Complaint is still a shotgun pleading that improperly includes Broward County Sheriff's Office as a defendant. Further, the new Complaint does not comply with Federal Rules of Civil Procedure 8 or 10. Thus, the Complaint violates the Court's Order. Moreover, the Court required Plaintiff to re-file an IFP Motion on or before September 25, 2026, and he has failed to do so. Simply representing to the Court that he has been declared indigent in the 17th Judicial Courthouse by a state court judge is insufficient. *See* [ECF No. 13 at 1].

When a plaintiff fails to comply with the Court's orders, as in this case when the Court gave Plaintiff the opportunity to file an amended complaint and a renewed IFP Motion, "[f]ederal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Acosta v. Soc. Sec. Admin.,* No. 25-CV-23879, 2025 WL 3897565, at *2 (S.D. Fla. Dec. 16, 2025), *report and recommendation adopted*, No. 25-23879-CIV, 2026 WL 36458 (S.D. Fla. Jan. 6, 2026); *accord Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017). "The goal of this sanction is 'to prevent undue delays in the disposition of pending cases and to avoid

congestion in the' court's calendar so that the court can 'achieve the orderly and expeditious disposition of cases.'" *Acosta*, 2025 WL 3897565, at *2.

Further, pro se litigants are not entitled to unlimited opportunities to amend their complaint. *See Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("The district judge was not required to sua sponte grant [the *pro se* plaintiff] an opportunity to amend his complaint before dismissing it with prejudice. As the district judge correctly noted, the subject complaint was [the plaintiff's] second attempt to make a legally cognizable claim[.]...Because [the plaintiff] already had been given an opportunity to correct his pleadings, the judge was not required to give him another chance."); *Roman v. Tyco Simplex Grinnell*, 732 F. App'x 813, 815 (11th Cir. 2018); *Galvan Arias v. Warner Bros. Ent. Inc.*, No. 24-CV-25021, 2026 WL 2576512, at *5 (S.D. Fla. Sept. 1, 2026) ("We've already given our Plaintiff one chance to amend his complaint.…We won't give him another.") (internal citation omitted); *Gabriel v. SLS Lux Brickell Hotel*, No. 24-CV-23572, 2026 WL 1970875, at *5–6 (S.D. Fla. July 8, 2026) (finding that the pro se plaintiff was not entitled to a third chance to amend his complaint).

Here, Plaintiff filed four different complaints [ECF Nos. 1, 5, 9, 10] before the Court had the opportunity to screen a complaint. Then, on August 24, 2026, the Court gave Plaintiff the opportunity to file an amended complaint that properly states a claim and complies with the relevant Federal Rules of Civil Procedure. *See* [ECF No. 11]. The Court also required Plaintiff to file a renewed IFP Motion and warned Plaintiff that failure to do so may result in dismissal. [*Id.*]. Plaintiff failed to correct any of the deficiencies in his Complaint which had been previously identified by the Court and failed to file a renewed IFP Motion. Thus, Plaintiff has failed to comply with a Court Order, and his failure to comply has caused delay in this case. For these reasons, the

undersigned hereby **RECOMMENDS** that the Court exercise its inherent power to **DISMISS** this case without prejudice.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1). Any response shall be filed within **seven (7) days** of the objections. The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**RESPECTFULLY RECOMMENDED** in Fort Lauderdale, Florida, this 29th day of September 2026.

**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc: Robert Lee Darby, II